EL PASO ELECTRIC RY. CO. v. HEATH.† (Circuit Court of Appeals. Fifth Circuit. November 27, 1911.) No. 2.166. In Error to the Circuit Court of the United States for the Western District of Texas. T. M. Miller and Leigh Clark, for plaintiff in error. S. Engelking and C. P. Johnson, for defendant in error. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. On the evidence the case was necessarily submitted to a jury, and in the charges and refusals to charge of the trial judge we find no reversible error. Judgment affirmed.

---

FINK et al. v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 27, 1911.) No. 2,195. In Error to the District Court of the United States for the Western District of Texas. M. W. Stanton, for plaintiffs in error. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. None of the assignments of error in this case are well taken. The judgment of the Circuit Court is affirmed.

---

In re FISKE et al. (Circuit Court of Appeals, Second Circuit. November 13, 1911.) No. 79. Appeal from the District Court of the United States for the Southern District of New York. This cause comes here upon appeal from an order granting the bankrupt's discharge. B. N. Cardoza, for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The specifications relied on are that bankrupts while insolvent transferred to the Mechanics' & Metal Bank property and other securities, for the purpose of hindering, delaying, and defrauding creditors; also that the bankrupts knowingly and fraudulently failed to schedule a certain debt due them on open account by one Dittmar. As to the first ground we fully concur with the District Judge that, although the transaction may or may not have constituted a voidable preference, the evidence does not tend to show a transfer with intent to hinder, delay, or defraud creditors. We do not think it necessary to add anything to what is said in his opinion. As to the second ground there is no finding by the referee, either way. The District Judge says that it was not asserted by creditors that it had been sustained by evidence. Examination of the record shows that there was no misstatement in the schedule. Instructions by Dittmar to transfer the amount named from another account to his own were given on the day of the bankruptcy, but the change had not been made in the books before petition was filed. Bankrupts were advised by counsel not to make any change in their books after such filing; but when the schedules were prepared the proper changes were made in them and affidavits submitted to the receiver explaining the transaction. This assignment of error is without merit. The order is affirmed.

---

FREEHOLD SHOP. CO., Limited, v. STITT. (Circuit Court of Appeals, Fifth Circuit. December 5, 1911.) No. 2,238. Appeal from the District Court of the United States for the Northern District of Texas. W. H. Slay, for appellant. H. O. Ledgerwood, for appellee. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. A majority of the judges being of opinion that this case was correctly ruled in the court below, the decree appealed from is affirmed.

---

In re HARRIS. (Circuit Court of Appeals, Second Circuit. October 16, 1911.) No. 188. Petition to Revise Order of the District Court of the United

† Rehearing denied December 26, 1911.